DOMINICK BOROSAYVICH, PETITIONER, DEFENDANT IN
CERTIORARI, v. CELLULOID CORPORATION, A CORPO-
RATION OF THE STATE OF NEW JERSEY, RESPOND-
ENT, PROSECUTOR IN CERTIORARI.

Submitted May 4, 1937—Decided July 7, 1937.

Before Justices Bodine, Heher and Perskie.

For the prosecutor-defendant in *certiorari, Kalisch &
Kalisch* (*Isador Kalisch* and *Robert I. Morris*).

For the respondent-prosecutor in *certiorari, Fredrick J.
Wallzinger.*

Bodine, J.   The petitioner, the defendant in *certiorari,*
suffered serious injury as a result of a fire which occurred in
the prosecutor's factory on August 22d, 1933.   The first peti-
tion for compensation was filed November 9th, 1933, being
later amended so as to include a claim not only for burns,
nervous shock and physical disability but also for an injury
to the lungs or the aggravation of a pre-existing lung trouble.
The bureau found that the present lung difficulty was not the
result of and had no relation to the accident.   The Court of
Common Pleas quite properly held otherwise, because by the
clear preponderance of testimony the petitioner's present
injury was due to the accident.

A fire occurred in the employer's celluloid factory.   The
workman, who sought compensation, was knocked to the floor
by the explosion.   The flames caused severe burns of his neck,
ears, shoulders, back, arms and hand.   He testified that the
smoke irritated his throat and eyes; he was almost suffocated
before he could get out of the room where the explosion

occurred. The chief gases loosed by burning celluloid are carbon monoxide and monoxide of nitrogen. The monoxide of nitrogen it was conceded has a particularly irritating effect upon the respiratory tract. The defense doctors claimed, however, that this irritation produces symptoms which occur within twenty-four hours and if no signs of irritation occur within that period it is safe to assume that the monoxide of nitrogen has caused no injury to the respiratory tract. Such medical assumption may have a firm basis in probability but clearly has no weight where the proofs show irritation within the stated time.

In the present case the testimony of the workman and his landlady who took care of him after the accident shows that he coughed and complained of throat irritation immediately after the occurrence. Thereafter his throat and lungs became progressively worse. That his present condition is due to the accident was clearly established by the medical testimony as we weigh it. It is true that the doctor who attended him for the burns did not know of the terrible distress he suffered in his chest and the coughing until more than twenty-four hours later but undoubtedly the burns loomed large in the mind of the patient and the cough and distress in his chest was possibly attributed to common cold or the blow sustained when thrown to the floor. That he did not immediately complain of each specific injury is no proof that he did not sustain them. Further such circumstances can hardly be taken as a rational basis to defeat the probabilities that the exposure to the dangerous gases caused the injury to the respiratory tract, the cause of the condition from which he is now suffering. The proofs further indicate that before the occurrence there was nothing to indicate that he was otherwise than in good health. The clear weight of all the evidence which we examined with care is indicative that the employe's present condition is due to the accident. In arriving at this conclusion we have not considered the failure of the employer at the hearing to call the plant physician as of any consequence.

The judgment of the Court of Common Pleas will be affirmed, with costs.